**FILED**

MAR 09 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALDEN LAMONT MOORE, | No. C 15-5511 LHK (PR) |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE REMEDIES |
| vs. | |
| RONALD DAVIS, Warden, | |
| Respondent. | |

Petitioner, a California state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner has paid the filing fee. The court issues an order to show cause for petitioner to demonstrate why the petition should not be dismissed without prejudice because he has not exhausted his state court remedies.

**BACKGROUND**

In the underlying federal petition, petitioner challenges the criminal conviction he sustained in 2006 in the Superior Court of Alameda County. Petitioner concedes that he has not raised any claims in the California Supreme Court.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ronald Davis, the current warden of San Quentin State Prison, where petitioner is currently incarcerated, is hereby SUBSTITUTED as respondent.

## DISCUSSION

Prisoners in state custody who wish to collaterally challenge either the fact or length of their confinement in federal habeas corpus proceedings are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b)-(c).

Petitioner has conceded that he has not presented the California Supreme Court with an opportunity to rule on the merits of the claims he presents in the underlying federal habeas petition. Thus, the court issues an order to show cause for petitioner to demonstrate why the petition should not be dismissed without prejudice to refiling once he exhausts his federal claims in state court.

## CONCLUSION

Petitioner shall file a response to this order to show cause **within thirty (30) days** of the filing date of this order addressing: (1) whether he has a state habeas petition, appeal, or other post-conviction proceeding now pending before the state court; and, if so, (2) which level of state court and whether the underlying petition challenges the same commitment at issue in his pending state case(s). **Failure to file a timely response will result in the court dismissing the instant petition without prejudice for failure to exhaust state court remedies.**

It is petitioner's responsibility to prosecute this case. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 3/8/2016

LUCY H. KOH
United States District Judge