**FILED**

MAY 06 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALDEN LAMONT MOORE, | ) | No. C 15-5511 LHK (PR) |
| Petitioner, | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| RONALD DAVIS, Warden, | ) | |
| Respondent. | ) | |

    Petitioner, a California state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the underlying federal petition, petitioner challenges the criminal conviction he sustained in 2006 in the Superior Court of Alameda County, and concedes that he has not raised any of the claims in the California Supreme Court. On March 9, 2016, the court issued an order to petitioner to show cause within thirty days why the petition should not be dismissed for failure to exhaust state remedies.

    Petitioner has filed a response, in which he argues against dismissal. Petitioner states that because the California Superior Court denied petitioner's state habeas petition on April 30, 2015, petitioner did not pursue further state remedies because petitioner did not believe that he would receive any justice in state court.

    However, as the court previously advised petitioner, prisoners in state custody who wish to collaterally challenge either the fact or length of their confinement in federal habeas corpus

proceedings are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim the prisoners seek to raise in federal court. 28 U.S.C. § 2254(b)-(c). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. *See id.*; *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process."). A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *See Rhines v. Webber*, 544 U.S. 269, 273 (2005).

Petitioner concedes that he has not presented any of the federal claims regarding petitioner's 2006 conviction to the California Supreme Court. Thus, petitioner has not fairly presented his claims in the underlying federal petition of habeas corpus to the highest state court. Accordingly, the court DISMISSES this action without prejudice for failure to exhaust.

The Clerk shall terminate all pending motions and close the case.

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

IT IS SO ORDERED.

DATED: 5/5/2016

LUCY H. KOH
United States District Judge